DOZER, Admr v DOZER, et, etc

Ohio Appeals, 4th Dist, Gallia Co
Decided June 26, 1930

Hollis C. Johnston, Gallipolis, for Dozer, Admr.

Henry W. Cherrington, Gallipolis, for Dozer, et.

BLOSSER, J.

It is urged on behalf of the plaintiff that the contract of marriage entered into between the parties is void. The evidence shows that the parties were married in the city of Columbus on October 4, 1926; that within a few days thereafter there was an application made by interested parties to have a gaurdian appointed for Jesse L. Dozer and that on October 11 the Probate Court of Hancock County made a finding that he was "an incompetent" and that a guardian was necessary. A guardian, however, was not appointed until February 10, 1927. So that at the time of the marriage ceremony no guardianship existed.

It is urged by the plaintiff that this case comes within the principle announced in **Waymire, guardian v. Jetmore, et al, 22 OS. 271**, the syllabus of which is:

"The marriage contract of one affected with congenital imbecility of mind to a degree rendering him incapable of consent is void ab initio."

We can not agree that the case cited controls because the facts in that case are entirely different from those in the instant case. In the case at bar there is no evidence supporting the contention that Jesse L. Dozer was affected with congenital imbecility of mind to a degree rendering him incapable of entering into the marriage relation. It is true that the Probate Court of Hancock County found that he was an incompetent but there is nothing in the record to show what that incompetency consisted of. As he was a man of eighty two years of age it is probable that on account of physical weakness and old age he may have been incapable of looking after his business affairs and for that reason was incompetent. There is no presumption that he was an imbecile. In the Waymire case the suit was brought by the guardian of the incompetent person to annul the marriage while in the present case neither Electa King Dozer nor her guardian is complaining. A guardian not having been appointed for Jesse L. Dozer until after the marriage was entered into the action of the Probate Court alone was no legal bar to his entering into that relation.

There was considerable oral testimony offered tending to reflect on the physcial and mental condition of Jesse L. Dozer. From a review of that evidence we are unable to say that he had not sufficient men-

tal capacity to either enter into the marriage relation or to make a disposition of his property. After the marriage ceremony was performed the parties lived together as husband and wife for several months.

While it is true that Electa King Dozer was at the time of the marriage under a guardianship yet from the testimony and from the evidence she gave it is evident that she fully understood what she was doing and had sufficient mental capacity to enter into the marriage relation. The mere fact that she was under a guardianship would not render the marriage contract void. The degree of mental capacity required to enter into a valid marriage is laid down in 18 R. C. L. as follows:

"Therefore, it is not every unsoundness of mind that will make void a marriage contract, and if a person entering into the marriage relation has sufficient capacity to understand the nature of the contract and the duties and responsibilities which it creates the marriage will be valid."

In the case at bar Electa King Dozer fully comprehended the nature of her act in getting married and the consequences of the same. It is shown by a consideration of her evidence that she had sufficient business judgment to realize that it was profitable she temporarily gave up a pension of thirty dollars per month to enhance her income by receiving the benefits of a pension amounting to seventy two dollars per month.

Jesse L. Dozer, while advanced in years, was undoubtedly of stronger mentality than his wife. The evidence shows that the gifts which he made to his wife were fully considered by him both before and after his marriage, and that he stated on several occasions that he was going to present these bonds to his wife in consideration of her having given up the pension which she received by reason of the military services of her former husband. He fulfilled his promise and fully completed the gifts by delivery in his lifetime.

The case of **McCleary v. Barcelow, et al, 16 O. C. C. 481**, states the law applicable to this case as follows:

"1. A marriage freely and voluntarily entered into by a person of full age and of sufficient mental capacity to understand and carry out the same, but which marriage took place after a guardian had been appointed for him by the probate court *** which guardianship continued to his death, and where the parties to such marriage lived together as husband and wife for sixteen months, and until his death, without any objection on the part of the guardian but with his tacit consent, and where no proceeding was ever taken before the death of the husband to annul such marriage, **held** to be valid and binding.

2. The adjudication of a probate court in such a proceeding *** appointing a guardian of his person and property, is in a case of this kind but prima facie, and not conclusive evidence of his want of capacity to contract a marriage."

The parties in this case having lived together as man and wife for some months and until the marriage contract was dissolved by the death of Jesse L. Dozer it would require an unusual state of circumstances to justify a court of equity in annulling the marriage contract. We do not think that those circumstances have been shown in this case and that the marriage entered into by the parties was valid and binding.

It is contended by the plaintiff that the gift of the bonds and household goods was caused to be made by undue influence exercised upon Jesse L. Dozer. The evidence does not support this contention. The rule is universal that it does not require as high a degree of judgment and sense in transactions between members of a family as if the transaction was with a stranger or a person of an adversary character. **Pepple v. Pepple, 13, O. C. C. 43.** There is no evidence to establish undue influence in this case and no undue influence will be presumed.

"Where a gift is made by a husband to a wife no presumption of undue influence arises from the mere marital relation."

**30 Corpus Juris, 703.**

The degree of mental capacity necessary to make a valid gift is laid down in **28 Corpus Juris 626.**

A decree may be entered dismissing the petition and a finding and judgment for defendants.

Middleton, PJ, and Mauck, J, concur.